## Dillon v. Evans

*Samuel R. Liever* and *W. J. Krencewicz*, for plaintiff.
*C. A. Whitehouse*, for defendant.

CURRAN, J., February 14, 1949.—Plaintiff filed complaint in assumpsit, seeking recovery on two checks issued by defendant.

Preliminary objections were filed by defendant, alleging that the complaint violates Pa. R. C. P. 1020, in that the two causes of action are combined without setting forth each cause of action in a separate count.

Plaintiff counters that the preliminary objections filed by defendant are likewise in violation of Pa. R. C. P. 1021 in that they fail to set forth a claim for relief. Plaintiff's objection, however, is not raised in any pleading, but is raised in a brief filed at the time of argument. Plaintiff's objection to preliminary objections should, in turn, be raised by appropriate pleadings. Defendant's objections, however, do offend in the manner complained of, but in accordance with the authority granted in Pa. R. C. P. 126 we shall regard paragraph 1 of the preliminary objections as a motion to strike off plaintiff's statement, paragraphs 2, 3 and 4 as a motion for more specific statement, and paragraph 5 as a demurrer.

Applying the objections in that order to plaintiff's complaint the motion to strike off contained in paragraph 1 must be sustained for the reason that separate causes of action are not set forth in separate counts as required by the Rules of Civil Procedure.

Paragraphs 2, 3 and 4 complain that plaintiff's statement is not specifically sufficient in that it does not set forth a consideration or indicate the date of delivery of the check to plaintiff. It is apparent from the statement that the instruments sued upon are negotiable instruments and, therefore, fall within the terms of the Negotiable Instruments Law of May 16, 1901, P. L. 194.

Under the Negotiable Instruments Law every holder is deemed prima facie to be a holder in due course, and when an instrument is in the hands of a holder in due

course a valid delivery by all prior parties is conclusively presumed, and a negotiable instrument is deemed prima facie to have been issued for a valuable consideration.

Objection no. 5 of defendant is in the following terms:

"5. The plaintiff fails to state a cause of action."

Nowhere in the pleadings or in the brief is this objection amplified:

"An affidavit of defense raising a question of law should specify the grounds of the objection. It should state why the facts averred in the statement of claim are considered insufficient to constitute a good cause of action, or why there can be no recovery on them if the cause of action is founded upon a contract. A general allegation that the averments of fact set out in the statement of claim do not constitute a good cause of action . . . is not sufficient.": 4 Standard Pa. Practice 77. See: Pa. R. C. P. 1017(*b*) (4) (Note).

And now, to wit, February 14, 1949, the preliminary objections are sustained, and plaintiff is given 15 days within which to file an amended complaint.